UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MABEN (#300475),

    Plaintiff,

                      CASE NO. 1:17-cv-11713
                      DISTRICT JUDGE THOMAS L. LUDINGTON
                      MAGISTRATE JUDGE ANTHONY P. PATTI

  v.

CORIZON HEALTH, INC.,
BADAWI ABDELLATIF,
HILDA MBIDZO and
RAUL TUMADA,

    Defendants.

_____/

# ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DE 20) and DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS (DE 35)

James Maben (#300475) is currently incarcerated at the Michigan Department of Corrections (MDOC) Thumb Correctional Facility (TCF) in Lapeer, Michigan. On May 25, 2017, while incarcerated at TCF, Plaintiff filed the instant lawsuit against Corizon Health, Inc.; Badawi Abdellatif, M.D.; Hilda Mbidzo, N.P., and Raul Tumada, P.A. (DE 1; *see also* DEs 11, 12, 16, 23, 24, 26.) Defendants Corizon Health, Abdellatif and Mbidzo have appeared. (DEs 14, 15, 25.) Defendant Tumada has yet to appear. (DE 32.)

1

This case has been referred to me for pretrial matters. Currently before the Court are several motions:

- Plaintiff's July 24, 2017 motion to appoint counsel (DE 20)

- Plaintiff's July 24, 2017 emergency motion for injunctive action (DE 21), regarding which a response has been filed (DE 27)

- Defendants Corizon Health, Abdellatif and Mbidzo's August 12, 2017 motion to dismiss (DE 28), regarding which a response was due on September 13, 2017 (DE 29)

- Plaintiff's September 5, 2017 motion for partial summary judgment (DE 34), regarding which a response has been filed (DE 36)

- Plaintiff's September 7, 2017 motion to strike Defendants' motion to dismiss (DE 35)

- Defendants Corizon Health, Abdellatif and Mbidzo's September 26, 2017 motion to compel (DE 38)

Upon consideration, Plaintiff's motion to appoint counsel (DE 20) is **DENIED WITHOUT PREJUDICE**. Here, the Court reaches a conclusion similar to its ruling on Plaintiff's initial motions. (*See* DEs 3, 4, 10.)[1] It is true that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C.A. § 1915(e)(1). However, such requests are justified only in exceptional circumstances. Moreover, while the Court recognizes Plaintiff's

---

[1] On July 24, 2017, Plaintiff filed a notice of appeal regarding the Court's order. (DEs 10, 17, 22.) He filed a motion to proceed *in forma pauperis* on appeal (DE 18). However, on August 23, 2017, the Sixth Circuit dismissed the appeal. (DE 33.)

assertions that he is a qualified individual under the Americans With Disabilities Act (ADA) on the basis of his mental health and that "[m]edical or [h]ealthcare issues are beyond the scope of expertise [he] is capable of litigating," the Court has been able to understand the relief sought in the instant two motions (DE 20, 35), and further notes that the relief sought by the application to proceed *in forma pauperis* was granted by the Court (DE 2, DE 6). Also, at this time, the Court has no reason to believe it will be unable to understand Plaintiff's other filings in this matter, such as his complaint, emergency motion for injunctive relief, or motion for partial summary judgment. Plaintiff may renew his request if this case survives dispositive motion practice or if other circumstances warranting the appointment of counsel arise.

In addition, Plaintiff's motion to strike (DE 35) is **DENIED**. Plaintiff seeks to strike Defendants' August 12, 2017 motion to dismiss (DE 28) for its failure to comply with Fed. R. Civ. P. 8 ("General Rules of Pleading") and Fed. R. Civ. P. 10 ("Form of pleadings"). However, a Fed. R. Civ. P. 12 motion to dismiss is not among the items included in the definition of "pleadings." Fed. R. Civ. P. 7(a). Additionally, Plaintiff's reliance upon Fed. R. Civ. P. 12(b) is misplaced. Defendants' motion – filed pursuant to Fed. R. Civ. P. 12(b)(6) – basically alleges that Plaintiff's complaint fails to state a medical malpractice or Eighth Amendment

claim upon which relief can be granted. (DE 28 at 2 ¶¶ 3, 4.) Such a motion is expressly permitted by Fed. R. Civ. P. 12(b)(6) (permitting assertion of the "failure to state a claim upon which relief can be granted" defense by motion). Moreover, "if the court denies the [Rule 12] motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action[.]" Fed. R. Civ. P. 12(a)(4)(A). In other words, if this Court denies Defendants' Rule 12(b)(6) motion to dismiss, then they will have the time period set forth in Rule 12(a)(4)(A) within which to file a responsive pleading. Unlike a motion to dismiss, "an answer to a complaint" is a pleading that must comply with Fed. Rules Civ. P. 8 and 10. *See* Fed. R. Civ. P. 7(a)(2).

Finally, the remaining motions (DEs 21, 28, 34, 38) will be addressed under separate cover.

**IT IS SO ORDERED.**

Dated: October 3, 2017

s/ANTHONY P. PATTI  
Anthony P. Patti  
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on October 3, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti