UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES MABEN,

                Plaintiff,                          Case No. 17-cv-11713

v.                                                   Honorable Thomas L. Ludington
                                                       Magistrate Judge Patricia T. Morris

CORIZON HEALTH CARE PROVIDER, et al

                Defendants.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF WITHOUT PREJUDICE, DENYING PLAINTIFF'S MOTION FOR PARTAL SUMMARY JUDGMENT WITHOUT PREJUDICE, AND DISMISSING COMPLAINT**

On May 25, 2017, Plaintiff James Maben, a prisoner currently incarcerated at the Michigan Department of Corrections Thumb Correctional Facility, filed a complaint against Corizon Health Care and several of Corizon's employees which have been responsible for Maben's healthcare. ECF No. 1. In the complaint, Maben alleges that the Defendants have violated his constitutional rights by providing inadequate care for a plantar wart on his foot. He also advances a state medical malpractice claim which he alternatively describes as a negligence claim. On June 19, 2017, all pretrial matters were referred to Magistrate Judge Anthony P. Patti. ECF No. 8. On July 24, 2017, Maben filed an emergency motion for injunctive relief. ECF No. 21. In that motion, he seeks an order prohibiting Defendants from harassing him, interfering with his access to the law library, and interrogating him regarding the ongoing litigation by conducting medical examinations. On August 12, 2017, Defendants filed a motion to dismiss. ECF No. 28. Several weeks later, Maben

filed a motion for partial summary judgment on his medical malpractice and negligence claims. ECF No. 34.

On December 18, 2017, Judge Patti issued a report recommending that Defendants' motion to dismiss be granted, Plaintiff's motions be denied without prejudice, and the complaint dismissed. ECF No. 46. On January 8, 2018, Maben filed objections to that report and recommendation. ECF No. 49. For the following reasons, those objections will be overruled, the Defendants' motion to dismiss will be granted, Plaintiff's motions will be denied without prejudice, and the complaint will be dismissed.

**I.**

Judge Patti has summarized the factual allegations in Maben's complaint. *See* Rep. & Rec. at 5–7, ECF No. 46. For clarity, a brief summary will be provided here. Maben alleges that he developed a plantar wart prior to incarceration. Compl. at 1, ECF No, 1. He received various treatments for the plantar wart prior to being transferred to the Macomb Regional Facility ("MRF") in 2014. Upon admittance to MRF, Maben was examined by Defendant Raul Tumada. Maben indicated that he needed continued treatment for his plantar wart, but Tumada indicated that such treatment would not be provided.

On June 10, 2014, Plaintiff was examined by a nurse who informed him that medical shoes might help him walk with a normal gait, but indicated that Defendant Corizon's policy was to not provide special shoes. Several days later, Maben was examined by Defendant Badawi Abdellatif. Maben told Dr. Abdellatif that he was unable to work with a normal gait, which was causing blisters, open sores, knee pain, and hip pain. According to Maben, Abdellatif refused to treat him.

On June 24, 2014, Maben indicated to prison personnel that his pain was worsening (including extreme knee and hip pain) and that he was having trouble walking normally. On July

3, 2014, he was examined by Nurse Angela. She gave Maben "moleskin and a soak basis." *Id.* at 2. Defendant Tumada then examined Maben again, concluding that no further treatment was necessary.

Maben was then transferred to Central Michigan Correctional facility. He alleges that his pain became unbearable because of open sores, blisters, knee and hip pain, and the inability to walk normally. On May 19, 2015 (approximately ten months after his last medical examination), Maben informed medical personnel that he was experiencing extreme pain. He saw a nurse ten days later who scheduled Maben to see a doctor. On June 8, 2015, Maben was examined by Defendant Hilda Mbidzo, a nurse practitioner. Defendant Mbidzo "pared back the Wart, and provided antibiotic cream." *Id.* at 3. Maben asked to be referred to a specialist, but that request was denied. After that visit, Maben requested "more acid pads as he had run out." *Id.* In response, Maben was told "that he was supposed to be treating his ailment himself." *Id.* at 3–4.

On July 28, 2015, Defendant Mbidzo "performed further paring and explained that she was just doing Plaintiff a favor and that Plaintiff would have to do this on his own in the future." *Id.* at 4. Maben alleges that the paring required a scalpel and thus was not something he could do on his own. Approximately one month later, Maben was examined for an unrelated matter and "showed the blood blisters, open wounds, on his feet as a result of this lack of treatment." *Id.*

In September of 2015, Maben was examined by a nurse. Maben explained that his feet were bleeding and he was experiencing extreme pain. He was referred to Dr. Mbidzo, who examined him four days later. According to Maben, his feet were bleeding. Mbidzo stated that Maben's feet were in such "bad condition" that she wanted to take pictures. Maben requested referral to a specialist and for special shoes. Mbidzo informed him that shoes would be requested,

but that Corizon's policy was to deny that request. Maben's feet were photographed several days later. According to Maben, he was not received any further treatment to date.[1]

In his words, Maben "has three years with an almost completely untreated Plantar Wart. This Wart has caused extreme pain, an uneven gait, blisters, and knee and hip pain. Plaintiff Has [sic] made repeated requests to the Defendants for treatment and specialist (podiatrist) care and the Defendants have been completely and Deliberately Indifferent to his Serious Medical Need." *Id.* at 5.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal

---

[1] Although Maben makes this allegation, later in his complaint he describes examinations which took place in January, March, and April of 2017. *Id.* at 8. In January of 2017, Maben was diagnosed with arthritis in his right hip, which he attributes to the plantar wart. In March and April of 2017, Maben's wart was examined, but Dr. Abdellatiff declined to provide treatment other than instructing him to shave the wart himself.

quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III.

Maben's objections were filed twenty-one days after the report and recommendation was issued. Accordingly, they are untimely and could be overruled solely on that basis. *Thomas v. Arn*, 474 U.S. at 151. Nevertheless, the Court's preference is to adjudicate matters on their merits and not on procedural technicalities. For that reason, Maben's objections will be addressed, briefly, on the merits.

Maben has filed twenty-one objections. Broadly speaking, they can be placed in several categories. In several of Maben's objections, he argues that the magistrate judge mischaracterized the factual allegations in his complaint. In others, he argues that Judge Patti should have concluded that the plantar wart was a serious medical issue. Maben also objects to Judge Patti's conclusion that he did not satisfy the subjective component of the deliberate indifference standard. He further challenges Judge Patti's recommendation that Corizon be dismissed. Finally, Maben argues that he has stated a valid state medical malpractice claim. The objections will be addressed, by type, in the same order.

**A.**

In his first objection, Maben argues that Judge Patti should not have referenced the sentence he is currently serving. The fact that Maben is incarcerated, however, is relevant because it is the reason he was treated by Defendant Corizon and the individual Defendants. The fact that he was being held in a state institution and subject to healthcare by a government contractor is also a predicate basis for his constitutional claims.

In his second objection, Maben argues that Judge Patti did not accept as true all facts alleged in his complaint. He does not identify any specific examples in this objection. Maben's eleventh and twelfth objections identify specific instances where he believes that Judge Patti improperly discounted his allegations. In objection eleven, Maben faults Judge Patti for stating that Maben "alleged" that Defendant Abdellatiff refused all treatment. Similarly, in the twelfth objection, Maben argues that Judge Patti improperly discounted his allegations that Defendant Abedellatiff told him to shave the wart himself. Despite Judge Patti's indication that these factual statements were "claimed" and "alleged" by Maben, there is no reason to believe that Judge Patti improperly discounted them. Regardless, the Court will conduct a de novo review of all of Maben's objections and, in doing so, will take care to accept as true all facts alleged.

In the fifth objection, Maben contends that his plantar wart was diagnosed and treated prior to incarceration, but not adequately treated during incarceration, and so his constitutional rights were violated. Those facts were alleged in the complaint, and Judge Patti referenced them. *See* Rep. & Rec. at 5. Those facts will likewise be considered by the Court in reviewing Maben's challenges to Judge Patti's recommendation that his federal constitutional claims be dismissed.

**B.**

Maben also argues in a number of objections that Judge Patti should have concluded that his plantar wart was a serious medical condition. Those objections, however, appear to be based on a misunderstanding.

As Judge Patti explained, deliberate indifference claims like Maben's are analyzed under a "two prong test." *Burgess v. Fischer*, 735 F.3d 462, 476 (6th Cir. 2013) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)). Under the first prong, the question is "whether the plaintiff had a 'sufficiently serious' medical need.'" *Id.* This is the objective prong. Under the second prong, the question is "whether the defendant had a 'sufficiently culpable state of mind' in denying medical care." *Id.* (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000)).

Judge Patti questioned whether a plantar wart could constitute a "sufficiently serious" medical need. He cited several cases which found that warts do not suffice to establish a serious medical need. Rep. & Rec. at 8–9. But Judge Patti also noted that Maben was alleging that the plantar wart was causing severe knee and hip pain and preventing him from walking with a normal gait. For that reason, Judge Patti assumed, without deciding, that Maben's plantar wart constituted a serious medical need. *Id.* at 9–10.

In Maben's third, fourth, sixth, seventh, eighth, and tenth objections, he argues that Judge Patti should have concluded that the plantar wart constituted a serious medical sufficient to satisfy the objective prong of the deliberate indifference analysis. In those objections, he repeatedly argues that the wart caused him severe pain. He also contends that a number of people, both lay persons and medical professionals, remarked on the seriousness of the wart. As explained above, Judge Patti considered all these facts. Judge Patti took those allegations as true and assumed that Maben had satisfied the objective prong. Accordingly, Judge Patti's recommendation of dismissal is based on a failure to satisfy that prong. In reviewing Maben's claims, the Court will likewise assume that

Maben's medical condition was sufficiently serious to rise to constitutional significance. Maben's deliberate indifference claim will be dismissed only if he has failed to satisfy the subjective prong.

## C.

### 1.

Maben also repeatedly argues that Judge Patti erred in concluding that he had not satisfied the subjective prong of his deliberate indifference claim.[2] Judge Patti's entire analysis on this prong will be reviewed de novo. In *Burgess*, the Sixth Circuit summarized the analysis for determining whether defendants possessed a "'sufficiently culpable state of mind' in denying medical care." 735 F.3d at 476.

> There must be a showing of more than mere negligence, but something less than specific intent to harm or knowledge that harm will result is required. The defendant must have "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs." Where the plaintiff has received some medical treatment, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." However, it is possible for the treatment provided to be "so woefully inadequate as to amount to no treatment at all."

*Id.* (internal citations omitted).

"[C]ourts are generally reluctant to second guess the medical judgment of prison medical officials." *Jones v. Muskegon Cty.*, 625 F.3d 935, 944 (6th Cir. 2010). A "'prisoner is not required to show that he was literally ignored by the staff' to prove an Eighth Amendment violation, only that his serious medical needs were consciously disregarded." *LeMarbe v. Wisneski*, 266 F.3d 429, 439 (6th Cir. 2001) (quoting *Sherrod v. Lingle*, 223 F.3d 605, 610–11 (7th Cir. 2000)).

---

[2] The objections where this argument is at least plausibly raised are objections nine, ten, eleven, twelve, thirteen, and twenty-one. Because the entire analysis of this prong of the deliberate indifference claim will be reviewed de novo, the specific arguments in these objections will not be systematically addressed. Rather, those arguments will be taken into account during the Court's de novo review.

Judge Patti explained that, as to Defendant Mbidzo, Maben alleged that Mbidzo actually did provide some treatment. Rep. & Rec. at 11. Specifically, she pared back his wart several times, provided antibiotic cream, and took pictures of the wart. *Id.* It is true that, during one visit, Mbidzo told Maben that he would have to pare the wart on his own in the future. But, during a subsequent visit, Mbidzo pared the wart once again. Similarly, Mbidzo did informed Maben that she would not request specialist care for him, but (even according to Maben) the reason was that Corizon's policy was to deny requests for outside specialists. *Id.* at 11–12.

In other words, Maben's own complaint contradicts his assertion that Mbidzo refused all treatment and care. Rather, Mbidzo provided Maben care multiple times. Maben's allegations against Mbidzo involve disputes over the adequacy of the care she provided. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Maben's complaint does not contain allegations against Mbidzo which, if true, would suggest that the medical treatment he received from her was "so woefully inadequate as to amount to no treatment at all." *Id.*

The allegations against Dr. Abdellatiff are also insufficient to establish deliberate indifference. The complaint discusses two encounters with Abdellatiff. Maben alleges that during the first, in June 2014, Abdellatiff glanced at his foot but did not provide treatment. In notes attached to the complaint, Maben further indicates that he "begged" Abdellatiff to pare the wart, but the doctor refused. At the second meeting, in 2017, Abdellatiff instructed Maben to pare the plantar wart himself. Maben alleges that he cannot perform that procedure because prison regulations forbid him from possessing a disposable razor. Judge Patti found these allegations to

simply demonstrate a dispute over the adequacy of treatment, and not medical attention so inadequate as to amount to no treatment at all.

The mere decision to refuse treatment does not necessarily constitute deliberate indifference. It must be remembered that "[a]llegations of medical malpractice are not sufficient to establish a Constitutional violation." *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). *See also Bertl v. City of Westland*, No. 07-2547, 2009 WL 247907, at *5 (6th Cir. Feb. 2, 2009) ("[A] prison doctor who provides careless or ineffective treatment merely displays incompetence, not unconstitutional deliberate indifference."). Maben's allegations, viewed in combination with the written notes attached to his complaint, demonstrate that Dr. Abdellatiff did inspect the wart. Abdellatiff did refuse to provide treatment, despite Maben's requests to pare the wart, but that refusal does not rise above the level of negligence.

Maben's allegations reveal that the medical professionals who examined him almost uniformly believed that he was capable of managing the condition himself. *See, e.g.*, Compl. at 1–2 (Maben was provided with acid pads and a soak basin); *id.* at 2 (Maben was given moleskin and a soak basin); *id.* at 3–4 (Maben instructed that he was supposed to be treating the wart himself with acid pads). Nurse Mbidzo, who pared Maben's wart several times, indicated that she was "doing Plaintiff a favor" by doing so. In other words, every medical professional in the record (considering only Maben's allegations) evinced a belief that the wart required little or no medical care. To the extent care was provided, it was designed to alleviate discomfort and pain. None of Plaintiff's allegations suggest that any medical professional ever believed that nontreatment would result in permanent or serious injury. The fact that some medical professionals provided minor and temporary treatments (like paring the wart or providing acid pads) while others declined to provide treatment, reveals merely differences of opinion regarding the adequacy of treatment. Allegations

of that nature cannot support a constitutional claim for deliberate indifference. *Jones*, 625 F.3d at 944.

Although Judge Patti and the Court have both assumed that the wart objectively constituted a serious medical condition, warts do not typically rise to that level. *See Jumpp v. Power*, No. CIV 08-4268 (JLL), 2009 WL 1704307, at *3 (D.N.J. June 18, 2009) ("Courts that have addressed the issue, however, have been reluctant to find that plantar warts represent a serious medical condition under the Eighth Amendment."); *Feeney v. Corr. Med. Servs.*, Inc., 464 F.3d 158, 162 (1st Cir. 2006); *Whitfield v. O'Connell*, 402 F. App'x 563, 566 (2d Cir. 2010) (finding that plaintiff's eighth amendment rights were not violated by wart removal surgery because "it is doubtful that this medical procedure was sufficiently serious to implicate the Eighth Amendment, and regardless, no non-conclusory allegations suggest that [the defendant] acted with a sufficiently culpable state of mind."); *Harrison v. Conley*, No. 4:05CV1028JCH, 2007 WL 271146, at *4 (E.D. Mo. Jan. 25, 2007). Accordingly, the fact that Defendants may not have realized the severity of the pain caused by the wart and thus refused treatment does not demonstrate a subjectively culpable state of mind.

Likewise, to the extent that Maben faults Defendants for instructing him to "shave" or "pare" the wart himself, there are no allegations that the Defendants were actually aware of the regulations which prevented Maben from doing so. Indeed, the prison policy which Maben relies upon for that proposition was, according to him, not promulgated under December of 2016. Thus, that policy was only a few months old when Dr. Abdellatiff told Maben that he should shave his wart himself.

After a de novo review of Maben's complaint and objections, there are no non-conclusory allegations that either Mbidzo or Abdellatiff subjectively possessed a culpable state of mind when

they provided him less treatment than he wished. Accordingly, the Eighth Amendment claims against those Defendants must be dismissed.

**2.**

At the time that Judge Patti's issued the report and recommendation, only Defendants Corizon, Mbidzo, and Abdellatiff had been served. On March 14, 2018, the attorneys who had already appeared on the docket for those Defendants filed appearances on behalf of Raul Tumada and waived personal service on Tumada. When defenses raised by served Defendants equally apply to unserved Defendants, dismissal of the unserved Defendant is appropriate. *See Lindensmith v. Melissa Jerome*, No. CIV.A. 10-13530, 2011 WL 6217339, at *5 (E.D. Mich. Oct. 25, 2011), *report and recommendation adopted sub nom. Lindensmith v. Jerome*, No. 10-CV-13530, 2011 WL 6217064 (E.D. Mich. Dec. 14, 2011) (collecting cases). Here, Tumada has waived service and is represented by the same attorneys as the other Defendants. Although Tumada is technically no longer an unserved Defendant, it would be "futile and an uneconomical use of judicial resources" to compel further motions practice. *Id.* Additionally, district courts have discretion to dismiss a complaint sua sponte when a meritorious affirmative defense is obvious from the face of the complaint (or has been raised by other, served, Defendants). *See id.* (citing *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir.2001)).

It is obvious from the face of the complaint that Maben has not stated a claim against Tumada, and so the claims against Tumada will likewise be dismissed. Maben's complaint identifies two encounters with Tumada. The first occurred just after Maben was transferred to the Macomb Regional Facility in April 2014. Compl. at 1. Tumada conducted Maben's initial examination. Maben alleges that Tumada was "confrontational," cancelled Maben's prescription for hypothyroidism, and indicated that Maben would receive less care for his plantar wart than he

did at the previous facility. *Id.* Notably, Maben alleges that at the previous facility a nurse Wilson pared back his wart. Maben's second encounter with Tumada came in July 2014. At that time, Maben was examined by Nurse Angela, who gave him a moleskin and a soak basin. Afterwards, Tumada examined Maben and concluded that no additional treatment was necessary.

Neither of these encounters can support a deliberate indifference claim. Maben has provided no allegations which suggest that Tumada's decision to cancel Maben's thyroid medicine resulted in a serious medical need. Maben does not allege that he has experienced any health complication after the cancellation. Regarding the plantar wart, Tumada's actions were not unconstitutional for the same reasons that Abdellatiff's were not. Maben's first meeting with Tumada came immediately after he was transferred to the Macomb Regional Facility. Maben alleges that, at the previous facility, he had received adequate care that temporarily relieved his pain and allowed him to walk. Thus, when Tumada first examined Maben, his condition was relatively under control. Tumada's decision to provide no additional treatment does not rise above the level of negligence.

Maben alleges that the pain resulting from the wart increased and, several months later, he requested a medical appointment. At that appointment, Maben received a moleskin and wash basin from Nurse Angela. Afterwards, Tumada determined that no further treatment was necessary. Tumada's apparent conclusion that the moleskin and wash basin were sufficient to treat the wart does not evince a subjectively culpable state of mind. Maben's arguments to the contrary merely frame a dispute over the adequacy of treatment. For largely the same reasons that Maben has not stated an Eighth Amendment claim against Abdellatiff, Maben has not stated a deliberate indifference claim against Tumada.

**D.**

The next category of objections deal with Judge Patti's recommendation that Defendant Corizon be dismissed. Judge Patti explained, first, that liability under 42 U.S.C. § 1983 cannot be based on a theory of respondeat superior. That is correct: liability under § 1983 cannot arise out of a theory of supervisory liability. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 663 n. 7 (1978). Maben's sixteenth objection argues that Corizon should not be dismissed because it is "vicariously liable for the physicians [sic] negligence or malpractice." But that kind of allegation cannot support his constitutional claim against Corizon.

"A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess*, 735 F.3d at 478 (citing *Monell*, 436 U.S. at 694).

> A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Id.*

Judge Patti explained that, to the extent Maben's claim was premised on a failure to train the individual Defendants, it was inadequate because the claim was supported only by nonspecific allegations. Judge Patti further recommended dismissal of Maben's *Monell* claim premised on Corizon's policies regarding shoes and outside specialist care.

Maben's allegations regarding Corizon's policies regarding footwear and specialists suffice to identify an official policy or custom. However, that alleged policy or custom is not illegal or unconstitutional and thus cannot form the basis for a *Monell* claim. Unless an official policy results in constitutional violations, municipal liability does not arise under § 1983. *Id.* As already explained, the individual Defendants provided some medical care to Maben. They also indicated

their belief that Maben was capable of treating the wart himself. Admittedly, some nurses might have stated that special shoes might help him walk normally, *see* Compl. at 2, 5, and Maben clearly alleges that he requested specialist care. But the mere denial of special footwear or treatment by a specialist does not, in the abstract, violate a prisoner's constitutional rights. Rather, those denials could form the basis for a § 1983 claim only in conjunction with a showing of objective serious medical need and a subjectively culpable state of mind by healthcare providers. For the reasons expressed above, Plaintiff's allegations do not satisfy the second requirement.

Maben's *Monell* claim is cognizable only if he can demonstrate that Corizon was on notice that its policies regarding footwear and specialists would cause its employees to repeatedly violate prisoner rights. *See Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("[W]hen city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program."). Maben has alleged two Corizon policies, but has not adequately alleged that those policies inevitably lead to constitutional violations. In fact, as explained above, he has not even adequately alleged that those policies resulted in constitutional violations here. *See id.* ("A pattern of similar *constitutional violations* by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference for purposes of failure to train.") (emphasis added). Because, even assuming all of Maben's allegations to be true, he has not identified a Corizon policy which is "'the functional equivalent of a decision by the [entity] itself to violate the Constitution," his claims against Corizon will be dismissed. *Id.* (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 395 (1989)) (O'Connor, J., concurring in part and dissenting in part).

**E.**

For the reasons stated above, Maben's federal claims will be dismissed. Maben's remaining objections relate to his state medical malpractice and negligence claims against the Defendants. In their motion to dismiss, Defendants argue that Maben has "not met the statutory requirements for a medical malpractice claim under Michigan law." Mot. Dismiss at 5, ECF No. 28. Judge Patti briefly discussed those arguments, but ultimately concluded the merits of those arguments should not be addressed. Rather, Judge Patti suggested that the Court decline to exercise supplemental jurisdiction over Maben's state law claims because all of his federal claims will be dismissed.

A federal court may exercise supplemental jurisdiction over a plaintiff's state law claims if they form part of the same controversy as the federal claim. *See* 28 U.S.C. § 1367(a). A federal court may decline to exercise supplemental jurisdiction over a claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). When a plaintiff's federal claims have been dismissed on the merits, the question of whether to retain jurisdiction over any state law claims rests within the court's discretion. *Blakely v. United States*, 276 F.3d 853, 860 (6th Cir. 2002). However, the dismissal of the claims over which the federal court had original jurisdiction creates a presumption in favor of remanding any state-law claims that accompanied it to federal court. *Id*. at 863. In addition, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

In objections fifteen and twenty, Maben argues that he has, in fact, satisfied the statutory requirements for a medical malpractice claim under Michigan law. That may be true, but the question of whether Maben has complied with state law is best resolved by a state court. For that reason, the Court declines to exercise supplemental jurisdiction over Maben's medical malpractice claim, and it will be dismissed without prejudice.

**F.**

Thus, Defendants' motion to dismiss be granted, Maben's federal claims will be dismissed with prejudice, and his state claim will be dismissed without prejudice. Maben's motion for injunctive relief, ECF No. 21,[3] and his motion for partial summary judgment on his medical malpractice claim, ECF No. 34, will be denied without prejudice. If he wishes, Maben may raise those arguments in state court.

The final matter to resolve is whether Maben should be granted leave to appeal in forma pauperis. Maben was granted leave to litigate this suit without preparing costs or fees. ECF No. 2. Pursuant to 28 U.S.C. § 1915(a)(2), "[a]n appea may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Appeal from the Court's conclusion that Maben's federal claims are deficient and that his state law claims should be dismissed without prejudice could not be taken in good faith.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff Maben's objections, ECF No. 49, are **OVERRULED.**

---

[3] In this motion, Maben accuses Defendants of conducting medical examinations on him for the purpose of obtaining information to help them in this lawsuit. The Court has not considered any external information or evidence from Defendants in reviewing Maben's claims. Thus, any misconduct by Defendants has had no impact on this lawsuit. And, because Maben's federal claims will be dismissed, the request is now moot.

It is further **ORDERED** that Magistrate Judge Patti's report and recommendation, ECF No. 46, is **ADOPTED.**

It is further **ORDERED** that Defendants' motion to dismiss, ECF No. 28, is **GRANTED.**

It is further **ORDERED** that Plaintiff Maben's motion for injunctive relief, ECF No. 21, and motion for partial summary judgment, ECF No. 34, are **DENIED without prejudice.**

It is further **ORDERED** that Plaintiff Maben's federal constitutional claims are **DISMISSED with prejudice.**

It is further **ORDERED** that Plaintiff Maben's state medical malpractice claim and negligence claims are **DISMISSED without prejudice.**

It is further **ORDERED** that Plaintiff Maben's complaint, ECF No. 1, is **DISMISSED.**

It is further **ORDERED** that because any appeal could not be made in good faith, Plaintiff Maben is **DENIED** leave to appeal *in forma pauperis.*

Dated: March 21, 2018                              s/Thomas L. Ludington
                                                                THOMAS L. LUDINGTON
                                                                United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 21, 2018.

                                                    s/Kelly Winslow
                                                    KELLY WINSLOW, Case Manager